IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FREDDY L. FLONNORY, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-995-LPS |
| CARL DANBERG, et al., | : | |
| Defendants. | : | |

Freddy L. Flonnory, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

March 7, 2013
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Freddy L. Flonnory ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 2) Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

On December 31, 2008, Plaintiff received a letter from a friend that contained cash. The cash was not detected by the mailroom. In early January 2009, Plaintiff attempted to send the cash to his fiancé. The mailroom, however, discovered the outgoing cash. As a result, Plaintiff was transferred from the Medium High Housing Unit ("MHU") to Security Housing Unit ("SHU") and his fiancé was banned from visiting him until further notice due to "promoting prison contraband." Plaintiff alleges that mailroom erred in failing to discover the money when it was mailed to him and that he should not be punished for its mistakes.

Plaintiff wrote to Defendants Carl Danberg ("Danberg"), Perry Phelps ("Phelps"), David Pierce ("Pierce"), and Christopher Klein ("Klein") in January, February, March, and May 2009, complaining of the visitor ban, to no avail. He alleges that investigator Defendant Michael Maans ("Maans") failed to properly assess the incident. Plaintiff claims Defendants violated his

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

constitutional rights under the First, Eight, and Fourteenth Amendments of the United States Constitution. He seeks compensatory damages and injunctive relief.

## III.  LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts

3

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983 and raises claims for acts that allegedly occurred beginning in December 2008 through May 2009. Plaintiff's Complaint was signed on October 12, 2011 and the envelope it was mailed in is postmarked October 17, 2011.

The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule," which deems a complaint filed as of the date it was delivered to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). This Court has applied the mailbox rule to *pro se* § 1983 complaints. *See Gibbs v. Decker*, 234 F.Supp. 2d 458, 463 (D. Del. 2002). Giving Plaintiff the benefit of the doubt, the earliest the Complaint could be considered to have been filed is October 12, 2011.

Section 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *See Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993); *see also* 10 Del. C. § 8119. When the affirmative defense of statute of limitations is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Smith v. Delaware Cnty. Court*, 260 F. App'x 454, 455 (3d Cir. Jan. 10, 2008); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. Dec. 7, 2006).

4

Plaintiff's claims arose during the time-frame from December 2008 through May 2009, but the Complaint was not filed until October, 2011, some five months after expiration – in May 2011 – of the two-year limitations period. It is evident from the face of the Complaint that Plaintiff's claims are barred by the applicable two-year limitations period.

Accordingly, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915A(b)(1).

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint is futile.

An appropriate Order follows.